UNITED STATES of America,
Plaintiff–Appellee,

v.

Stephen NYE, Defendant–Appellant.

No. 05–10809.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Jan. 26, 2007.

Craig S. Denny, Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Lawrence D. Wishart, Esq., Reno, NV, for Defendant–Appellant.

Before: HUG and McKEOWN, Circuit Judges, and MOSKOWITZ,* District Judge.

## MEMORANDUM **

Steven Nye appeals his conviction on Count One for conspiracy and his sentence. We reverse his conviction on Count One, vacate his sentence, and remand for resentencing.

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The evidence presented at trial was insufficient to support a finding beyond a reasonable doubt that Nye was part of the single conspiracy charged in the Superseding Indictment. There was no evidence of "one overall agreement" among Nye, Herrera, Jimenez, Uribe, Theodoratos and Olivas "to perform various functions to achieve the objectives of the conspiracy." *United States v. Zemek*, 634 F.2d 1159, 1167 (9th Cir.1980). There was no evidence that Nye even knew of Jiminez, Uribe, or Olivas or had reason to believe that his own benefits were dependent on the success of some larger venture involving unknown participants. *See United States v. Kenny*, 645 F.2d 1323, 1335 (9th Cir.1981).

At oral argument, the Government conceded that if the drug transactions ended with the March 5, 2003 transaction, Nye's multiple conspiracy argument would have merit. However, according to the Government, the March 30, 2003 telephone calls between Nye and Herrera establish the "slight connection" necessary to tie Nye to the alleged single conspiracy.

The Government's argument is unpersuasive. The "slight connection" requirement only comes into play "[o]nce the existence of a conspiracy is shown." *United States v. Matta–Ballesteros*, 71 F.3d 754, 765 (9th Cir.1995). The Government cannot rely on the concept of a "slight connection" to skirt the requirements of one overall agreement, knowledge of the scope of the conspiracy, and dependence among the various participants.

Contrary to the Government's argument, the March 30, 2003 telephone calls do not show that Nye knew he was involved in a larger conspiracy. Prior to March 30, 2003, Nye acted as a supplier to Herrera and Theodoratos of relatively small quantities of methamphetamine. In contrast, during the March 30, 2003 tele-

phone conversations, Herrera and Nye discussed the possibility of Nye purchasing a pound of drugs, presumably methamphetamine, from Herrera. There is no evidence that Nye ever agreed to purchase or purchased the pound of drugs. Furthermore, there is no evidence that Nye purchased any drugs from Herrera previously.

Nye's knowledge on March 30, 2003 that Herrera was apparently going to obtain a large quantity of drugs from someone else does not make Nye a participant in a conspiracy with all past, present, and future suppliers of drugs to Herrera. The telephone conversations do not in any way establish a connection between Nye's previous conspiratorial agreement to supply methamphetamine to Herrera/Theodoratos and a larger overall conspiracy involving other suppliers of methamphetamine to Herrera. *Cf. United States v. Portela*, 167 F.3d 687 (1st Cir.1999) (holding that there was sufficient evidence that independent suppliers of wholesale amounts of cocaine were part of the same overall drug trafficking conspiracy because the success of the suppliers' transactions depended on the conspiratorial network being capable of disposing profitably of the large wholesale quantities of cocaine). Consequently, we reverse the conviction on Count One.

■ The variance between the charged conspiracy and the evidence, which established the existence of at least two separate conspiracies, resulted in prejudice to Nye. Based on the amount of drugs involved in the alleged single conspiracy, Nye was subject to a Guideline range of 151–188 months and a statutory mandatory minimum of 10 years. The district court departed downward from the Guideline range and sentenced Nye to the 120–month minimum. Considering only the amount of methamphetamine involved in the substantive counts of which Nye was

convicted, the statutory mandatory minimum would be five years, as opposed to ten. 21 U.S.C. § 841(b)(1)(B)(viii). Furthermore, the Guideline range would be 97–121 months.

It is unclear whether the district court would have imposed a lesser sentence, given the lower mandatory minimum, had it granted a judgment of acquittal on the conspiracy count. Accordingly, the district court shall reconsider Nye's sentence in light of our decision. Because we reverse the conviction on Count One and remand for resentencing, we need not address the remaining issues raised by Nye. On remand, the district court shall enter a judgment of acquittal on Count One and resentence Nye.

COUNT ONE REVERSED, SENTENCE VACATED, AND REMANDED.

HUG, Circuit Judge, dissenting:

I respectfully dissent. The jury, under correct instructions of the district court, found Nye guilty of participating in the conspiracy charged in Count One of the indictment. On appeal in this court, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the existence of a single conspiracy. *United States v. Bibbero,* 749 F.2d 581, 586–87 (9th Cir.1984).

Although Nye may not have had direct contact with Jimenez, Olivas, or Uribe, there was sufficient evidence that Nye had reason to know of the scope of the overall conspiracy. For example, Nye was asked to supply a pound of methamphetamine, and Nye offered a price for the product, in coded language no less. Herrera ended up purchasing the methamphetamine from another supplier, which would have put Nye on notice that Herrera was buying from multiple suppliers. Thus, Nye had reason to know that he was but one player in a larger conspiracy.

"Evidence of even a slight connection, if proven beyond a reasonable doubt, is sufficient to convict a defendant of knowingly participating in an established conspiracy." *United States v. Mares,* 940 F.2d 455, 458 (9th Cir.1991). "Such connection to a conspiracy may be inferred from circumstantial evidence." *Id.* "The term 'slight connection' means that a defendant need not have known all the conspirators, participated in the conspiracy from its beginning, participated in all its enterprises, or known all its details." *United States v. Herrera–Gonzalez,* 263 F.3d 1092, 1095 (9th Cir. 2001).

There was sufficient evidence that Nye participated in the conspiracy charged in Count One through Herrera and Theodoratos, even though he was not involved in every drug transaction.

I would affirm the judgment and the sentence.